Alan H. Colcord and Alice C. Colcord v. Commissioner.
Alan H. Colcord & Alice C. Colcord v. Commissioner
Docket No. 24954.
United States Tax Court
1950 Tax Ct. Memo LEXIS 107; 9 T.C.M. (CCH) 729; T.C.M. (RIA) 50208; September 6, 1950
*107 Fair market value of a residential property determined as of September 1, 1943, when property was converted to rental purposes. Alan H. Colcord, pro se, for petitioners. Graham H. Loving, Jr., Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $1,262.74 in the petitioners' income tax liability for the year 1945. The issues are: (1) The fair market value, and (2) the number of years of useful life remaining as of September 1, 1943 of the petitioners' former residence. Findings of Fact The petitioners are husband and wife and reside at 220 Madison Avenue, New York, New York. The return for the taxable year was filed with the collector of internal revenue for the second district *108 of New York. In 1925 the petitioners bought the house and property located at 12 Ridgecrest West, Scarsdale, New York, for $18,000. Subsequently, on March 27, 1925, they moved into those premises. At the time they bought the house it was new. It had never been lived in and was in an unfinished condition. The grounds had not been graded and there was no garage or driveway. The interior of the house was only partly finished. The petitioners had the grounds graded, new steps and a sidewalk put in and a two-car garage built of a style to conform with that of the house. They also put in a driveway, installed electric light fixtures, screens, and completed the interior decorations. They also made changes and additions to the interior by installing a new tile bath on the second floor, a lavatory on the first floor, rearranged the rooms, installed a new oil burning heating system, put in an outside terrace, ornamental stone walls, a screened porch, flagstone walks and landscaped the grounds with trees and shrubbery. These and other capital improvements in the house were made over the years and up to September 1, 1943, at a total cost to the petitioners of approximately $5,461.68. The house *109 was of an exterior construction of stucco, wood and stone, with a shingle roof. After the alterations the house contained seven rooms, three baths, a lavatory and a two-car detached garage. The house contained 34,480 cubic feet and the garage, 4,000 cubic feet. The assessed value of petitioners' property in 1943 was $12,400. About 95 per cent of the lots in the community where the house was located were improved by residential buildings. The other homes in the community were of a nature comparable to the petitioners, although some were of a higher and some of a lower original cost. On September 1, 1943, the petitioners moved to New York City. They attempted then to sell their Scarsdale property. It was listed for sale with a local real estate broker at an asking price of $25,000. They were unable to sell the property, and, although the broker showed the house to several clients, there were no offers made on it. On September 1, 1943, the property was rented at a monthly rental of $130 per month. The house was leased for this amount until the summer of 1945. The petitioners always kept the house in an excellent state of repair. On December 22, 1945, the petitioners sold their *110 property for $18,500, less selling expenses of $1,051.88, or a net price of $17,448.12. In their return for 1945, petitioners deducted a loss in the amount of $4,585.24 as a result of the sale of the property. This loss was computed in the return as follows: 1925, March 9, paid for house
$18,000.00
Cost of improvements and capital ex-
penditures from date of purchase to
date of rental on September 1, 1943,
as more particularly listed in the
Schedule attached to said return
5,461.68
Market value on rental date
$23,461.68
Less depreciation deducted from date
of rental to date of sale
1,428.32
Net after deducting depreciation
$22,033.36
Amount realized on sale of premises
(contract price $18,500 less broker-
age of $925 on sale, title closing,
sale etc. December 22, 1945, con-
tract of sale dated November 19,
1945)
17,448.12
Loss
$ 4,585.24
In the notice of deficiency the respondent adjusted petitioners' net income by the addition of the amounts of $168.32 and $4,585.24 with the following explanation: "Explanation of Adjustments "(a) Rental loss claimed on your return has been decreased from $937.78 to $769.46 by reason of the disallowance *111 of $168.32, representing excessive depreciation claimed on property at Scarsdale, New York, computed as follows: Depreciation claimed
$648.32
Depreciation allowed (4% on building
value of $12,000.00)
480.00
Depreciation disallowed
$168.32
"(b) It is held that no deductible loss was sustained upon the sale of property in 1945 which property had been converted from residential use in 1943, inasmuch as its fair market value in 1943 did not exceed its selling price in 1945." Following the depression of the 1930's property values continued to be low in this community until late 1945 and early 1946. By 1946 the market for residential properties in this area had shown a marked improvement in both sales volume and price. The fair market value of petitioners' property at 12 Ridgecrest West, Scarsdale, New York, on September 1, 1943, was $18,500, of which $3,500 is allocated to the land and $15,000 to the buildings. On September 1, 1943, the buildings had a remaining useful life of 22 years. Opinion VAN FOSSAN, Judge: The petitioners bought a house in 1925 for $18,000 and subsequently spent approximately $5,461.68 in permanent improvements. On September 1, 1943, they *112 converted the house to rental purposes and continued to rent it until shortly before its sale on December 2, 1945. The loss sustained by an individual on the sale of such property converted to rental purposes is deductible under the provisions of section 23 (e) as limited by section 117 (j). The loss is the difference between the fair market value of the property at the time of its conversion to rental purposes and the net sales price as adjusted by allowable depreciation. Section 113 (b) and Regulations 111, sec. 29.23(e)-1. We have found as a fact that the fair market value of the property on September 1, 1943, the date of conversion to rental purposes, was $18,500, of which $3,500 is allocable to the land and $15,000 to the buildings. We have found further as a fact that the building had a remaining useful life on September 1, 1943, of 22 years. These ultimate findings are dispositive of the issues. In reviewing the evidence as to the fair market value of the property on September 1, 1943, we find the usual clash of expert opinions by witnesses for either side, all having apparently comparable qualifications. It would be profitless to discuss the divergence of their opinions. *113 Our finding represents our best judgment after careful study of all the facts and the expert opinions, giving such weight to the several factors as we deem them entitled to receive. As to the rate of depreciation, we find in the record but little to aid us. Here again our finding represents our best judgment, based on such evidence as we have. The deficiency, if any, will be computed by applying the fair market value and rate of depreciation so found to the elements involved. Decision will be entered under Rule 50.